**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CRAIG D. THOMPSON, #358-141 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. L-11-2927 |
| JACK JOHNSON, et al. | * | |
| Defendants | * | |
| | *** | |

**MEMORANDUM**

Pending is self-represented plaintiff Craig D. Thompson's ("Thompson") civil rights Complaint filed under 42 U.S.C. § 1983. The Complaint will be dismissed without prejudice.

**I.     Background**

Thompson, who is currently incarcerated at Eastern Correctional Institution, is challenging the fact of his current incarceration as violating his right to due process and equal protection and alleges the following facts. In 2007, he was convicted in Prince George's County and sentenced to 15 years' imprisonment.[1] After sentencing, he was placed in federal custody to serve a federal parole violation.

Thompson states that no detainer was ever lodged against him by the State of Maryland. On June 16, 2009, Thompson completed his federal sentence for the parole violation and was released from custody. According to Thompson, on July 10, 2009, a hearing was conducted before the Prince Georges Circuit Court at which the court declined to reissue a commitment order. On July 14, 2009, Thompson was arrested in the District of Columbia on a fugitive

---

[1] The Maryland Case Search website at http://casesearch.courts.state.md.us/inquiry shows that on January 18, 2007, Thompson was convicted in the Circuit Court for Prince George's County of first-degree assault, second-degree assault, reckless endangerment, use of a handgun in the commission of a crime of violence, and carrying a handgun. See Case No. CT061533X. On May 25, 2007, Thompson was sentenced to ten years of incarceration for first-degree assault (which was merged with the second-degree assault and reckless endangerment), to be followed by a consecutive term of five years for commission of a crime of violence with a gun ( merged with the carrying conviction).

warrant dated June 18, 2007, charging him with first-degree assault.  Thompson states that he was in custody on June 18, 2007, and therefore "incapable of committing said offenses" Complaint, p. 4.

On July 30, 2009,  he was placed in the custody of Prince George's County Sheriff's Department, then transferred to the Maryland Division of Correction "based on a new document authored by the Clerk of the Court which indicated the 'new' order supersedes the commitment issued May 25, 2007 in Plaintiff's original sentence." Id. pp. 4-5.  Thompson claims the charges are "fraudulent" and were filed only as a means to regain his custody.  As relief, Thompson asks for a trial on his claims and damages.[2]

Reference to the Maryland Case Search website shows that on March 10, 2011, the record in this case was sent to the Court of Special Appeals of Maryland.  See supra, n. 1.   On May 20, 2011, the Court of Special Appeals, on its own initiative, ordered the matter referred to the Circuit Court for Prince George's County.  On July 20, 2011, the Circuit Court denied habeas corpus relief without a hearing.  See id.  A notation on the electronic case website indicates that a memorandum was filed on August 15, 2011, requesting en banc review.

**II.     Discussion**

This Complaint has been filed pursuant to 28 U.S.C. § 1915(e), which permits an indigent litigant to commence an action in federal court without prepaying court filing fees.  In such cases, federal district courts are required to dismiss any claims that fail to state a claim on which relief may be granted."  28 U.S.C. § 1915(e) (2)(B)(ii).

---

[2]  To the extent Thompson wants to collaterally challenge his state conviction in federal court, he may do so by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 after exhausting available state court remedies. The court expresses no opinion regarding the merits of such a proceeding.  The Clerk will send Thompson habeas corpus forms and information packet.

Mindful that Thompson is a pro se litigant, this Court has liberally construed the Complaint. See Erickson v. Pardus, 551 U.S 59 (2007).  Under this liberal standard, however, this Complaint is subject to summary dismissal for failure to state a claim upon which relief can be granted.  Liberal construction does not mean that the Court can ignore a clear failure in the Complaint to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Thompson provides no evidence that his state convictions have been reversed or otherwise invalidated.  Accordingly, there are no grounds to award damages, and this case will be dismissed without prejudice.

**III.    Conclusion**

For these reasons, the Court will DISMISS the Complaint without prejudice.  A separate Order follows.

October 24, 2011                                                        /s/

                                                                 Benson Everett Legg
                                                                  United States District Judge